```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


    BROOME                                 CIVIL ACTION

    VERSUS                                 NO: 14-2413

    UNITED STATES ARMY CORPS               SECTION: "J" (1)
    OF ENGINEERS ET AL.
```

### ORDER & REASONS

Before the Court is Defendants State of Louisiana (Louisiana) and the Coastal Protection and Restoration Authority of Louisiana (CPRA)'s *Motion to Dismiss for Lack of Subject-Matter Jurisdiction* **(Rec. Doc. 30)** as well as Plaintiff Terrance Broome's opposition thereto. (Rec. Doc. 37) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This action derives from servitudes that the United States Army Corps of Engineers (Corps) obtained over Plaintiff's land, for which Plaintiff alleges he did not receive compensation. (Rec. Doc. 1) Plaintiff purchased immovable property in Jefferson Parish from the Parish of Jefferson on January 5, 2009, for $9,000. Id. at 3; (Rec. Doc. 30-1, p. 2). In April 2010, the Corps began a project aimed at strengthening the west bank levees of the Harvey Canal in Jefferson Parish as part of

the New Orleans Hurricane and Storm Damage Risk Reduction System. (Rec. Doc. 30-1, p. 2) To complete the project, the Corps determined that it was necessary to acquire servitudes over Plaintiff's lot. Id. There is dispute as to whether Plaintiff was compensated for the resulting taking.[1] See (Rec. Doc. 1; Rec. Doc. 30-1, p. 2; Rec. Doc. 30-3, pp. 1-2).

On October 21, 2014, Plaintiff filed suit for an alleged uncompensated and, therefore, unconstitutional taking. (Rec. Doc. 1) Plaintiff named as Defendants the Corps, Jefferson Parish, Southeast Louisiana Flood Protection, Coastal Protection and Restoration Authority of Louisiana, West Jefferson Levee District, Entergy Gulf States Louisiana, LLC, and the State of Louisiana.[2] Id. at 2-3. Plaintiff asserts that this Court has jurisdiction over his claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367. Id. at 2. Plaintiff seeks monetary relief in the form of "compensation for the appropriation of [his] land" as well as the costs of soil, foundation, and levee restoration. Id. at 6. Plaintiff also seeks injunctive relief in the form of an order "enjoin[ing] the defendants from further occupying, construction and taking of [his] property." Id. at 7.

---

[1] Plaintiff alleges that he was not compensated for the taking. (Rec. Doc. 1) Included with Louisiana and CPRA's motion, however, is a purported acknowledgement of receipt of a check in the amount $19,980.00, which appears to have been signed by Plaintiff (Rec. Doc. 30-3, p. 1), as well as a copy of the check. (Rec. Doc. 30-3, p. 2)
[2] Some Defendants received service as late as April 2015. See, e.g., (Rec. Doc. 33).

2

On April 28, 2015, Defendants Louisiana and CPRA filed the instant *Motion to Dismiss for Lack of Subject-Matter Jurisdiction*. **(Rec. Doc. 30)** In the motion, Louisiana and CPRA seek to have the Court dismiss them from Plaintiff's lawsuit, because according to Louisiana and CPRA, the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims against them. Id. at 1. Plaintiff opposed the motion on May 12, 2015. (Rec. Doc. 37)

## **LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

3

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## PARTIES' ARGUMENTS AND DISCUSSION

Defendants Louisiana and CPRA argue that this Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction because they are entitled to Eleventh Amendment immunity. (Rec. Doc. 30) Plaintiff counter argues that the Court has jurisdiction over his claims against Louisiana and CPRA because his lawsuit presents a federal question and Louisiana and CPRA's violations of Plaintiff's Fifth Amendment rights are so intertwined with the Corps' actions that the Court may exercise supplemental jurisdiction over them. (Rec. Doc. 37) The Court

therefore must address the availability of Eleventh Amendment immunity to Defendants Louisiana and CPRA.[3]

The Eleventh Amendment to the United States Constitution reads, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment encompasses both suits brought against a state by citizens of another state and suits brought against a state by citizens of that state. See Hans v. Louisiana, 134 U.S. 1 (1890). Furthermore, the Eleventh Amendment bars citizens of that state or of another state from bringing suit against the State in federal court, unless the State has waived its immunity or Congress has abrogated its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002). Pursuant to Ex Parte Young, however, plaintiffs may pursue claims against state officials in their official capacities to force compliance with the Constitution and federal law. Fairley v. Stalder, 294 Fed. Appx. 805, 812 (5th Cir. 2008)(citing Ex Parte Young, 209 U.S. 123 (1908)).

---

[3] It seems that Plaintiff is conflating the issue of whether the Court has jurisdiction over the types of claims that he is asserting with whether the Court has jurisdiction to consider those claims against Louisiana and CPRA.

In addition, "Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294 F.3d 684, 688-89 (5th Cir. 2002) (citing Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997)). Therefore, a suit in which the state or one of its agencies or departments is named as the defendant is generally proscribed by the Eleventh Amendment. Hall v. Louisiana, 974 F. Supp. 2d 964, 972 (M.D. La. 2013) (citing Lewis v. Univ. of Tex. Med. Branch at Galveston, 665 F.3d 625, 630 (5th Cir. 2011)). Although there is no bright-line rule for determining what constitutes "an arm" of the State, the Fifth Circuit has typically looked to the following six factors: "(1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property." Vogt, 294 F.3d at 689. The most significant or persuasive factor when assessing an entity's status is whether a judgment against that entity will be paid with state funds. Id. (citing Delahoussaye v. City of New Iberia, 937 F.2d 144, 147-48 (5th Cir. 1991)).

First, the Court finds that both Louisiana *and* CPRA are entitled to Eleventh Amendment immunity provided an exception does not apply. The CPRA is "body corporate" that constitutes part of the executive branch of the State of Louisiana. See La. Rev. Stat. § 214.6.1(A). The Coastal Protection and Restoration Fund was established in the state treasury to provide the revenue necessary for the CPRA and its Board. La. Rev. Stat. § 214.5.4. The Fund derives from mineral revenues received by the state as well as federal funding arising from Outer Continental Shelf oil and gas activity. La. Rev. Stat. § 214.5.4. Louisiana Revised Statute Section 36:4 places the CPRA "within the office of the governor." La. Rev. Stat. § 36:4(Z). The CPRA Board similarly resides "within the office of the governor." La. Rev. Stat. § 214.5.1(A). The governor appoints the executive director of the CPRA, who "serve[s] at the pleasure of the governor." La. Rev. Stat. § 214.6.1(B)(2). The CPRA Board is composed of the heads of a few of the governor's offices, secretaries of various state departments, certain legislative representatives, and seven members appointed by the governor. La. Rev. Stat. § 214.5.1(B). In legal matters, the CPRA Board is represented by the Louisiana attorney general "or his designee." La. Rev. Stat. § 214.5.7. Although the name suggests that entity is concerned only with coastal areas, in reality the CPRA engages in activities "[f]or the benefit and protection of the state as a

whole." La. Rev. Stat. § 214.1. The CPRA can sue and be sued and may hold and use property. La. Rev. Stat. § 214.6.1(A). The CPRA therefore seems to be funded through the state treasury, lack great local autonomy, be concerned with statewide problems, and a judgment against the CPRA likely would be paid by state funds. Thus, the Court concludes that the CPRA, in addition to the State of Louisiana, is entitled to Eleventh Amendment immunity. See In re Manson Constr. Co., 883 F. Supp. 2d 659, 666 (E.D. La. 2012)(Zainey, J.)(referring to the Office of Coastal Protection and Restoration as a subordinate state agency).

Next, the Court finds that none of the "exceptions" abrogating the state's Eleventh Amendment immunity apply here. Louisiana has not waived its sovereign immunity for suits brought against the state in federal court. See La. Rev. Stat. Ann. § 13:5106 ("[N]o suit against the state shall be instituted in any court other than a Louisiana state court."); Cozzo, 279 F.3d at 281. Nor did Congress abrogate the States' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989)(citing Quern v. Jordan, 440 U.S. 332, 350 (1979)). Finally, the doctrine of Ex parte Young does not apply in this case. See Cox v. Texas, 354 Fed. App'x 901, 902 (5th Cir. 2009). The Court therefore concludes that it lacks jurisdiction to consider Plaintiff's claims against Louisiana and the CPRA.

Accordingly,

**IT IS HEREBY ORDERED** that Louisiana and CPRA's *Motion to Dismiss for Lack of Subject-Matter Jurisdiction* **(Rec. Doc. 30)** is **GRANTED.** Plaintiff's claims against the State of Louisiana and the CPRA are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Continue Submission Date* **(Rec. Doc. 41)** is **DENIED as moot**.

New Orleans, Louisiana this 26th day of May, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE