UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BROOME                                   CIVIL ACTION

VERSUS                                   NO: 14-2413

UNITED STATES ARMY CORPS                 SECTION: "J" (1)
OF ENGINEERS ET AL.

## ORDER & REASONS

Before the Court is Defendant the United States Army Corps of Engineers (Corps)'s *Motion to Dismiss* **(Rec. Doc. 43)** as well as Plaintiff Terrance Broome's opposition thereto. (Rec. Doc. 46) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This action derives from servitudes that the government obtained over Plaintiff's land, for which Plaintiff alleges he did not receive just compensation. (Rec. Doc. 1) Plaintiff purchased immovable property in Jefferson Parish from the Parish of Jefferson on January 5, 2009, for $9,000. Id. at 3. In April 2010, the Corps began a project aimed at strengthening the west bank levees of the Harvey Canal in Jefferson Parish as part of the New Orleans Hurricane and Storm Damage Risk Reduction System. (Rec. Doc. 30-1, p. 2; Rec. Doc. 43-1, p. 2) To complete

the project, the Corps determined that it was necessary to acquire servitudes over Plaintiff's lot. (Rec. Doc. 30-1, p. 2; Rec. Doc. 43-1, p. 2) The West Jefferson Levee District (WJLD) appropriated the necessary interest in Plaintiff's property. (Rec. Doc. 43-1, p. 2) On January 10, 2014, Plaintiff received compensation in the amount of $19,980 for the taking. Id.

On October 21, 2014, Plaintiff filed suit for an alleged uncompensated and, therefore, unconstitutional taking. (Rec. Doc. 1) Plaintiff named as Defendants the Corps, Jefferson Parish, Southeast Louisiana Flood Protection, Coastal Protection and Restoration Authority of Louisiana, West Jefferson Levee District, Entergy Gulf States Louisiana, LLC, and the State of Louisiana.[1] Id. at 2-3. Plaintiff asserts that this Court has jurisdiction over his claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1491, and 28 U.S.C. § 1367. Id. at 2. Plaintiff seeks monetary relief in the form of "compensation for the appropriation of [his] land" as well as the costs of soil, foundation, and levee restoration. Id. at 6. Plaintiff also seeks injunctive relief in the form of an order "enjoin[ing] the defendants from further occupying, construction and taking of [his] property." Id. at 7.

On April 28, 2015, Defendants Louisiana and CPRA filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Rec.

---

[1] Some Defendants received service as late as April 2015. See, e.g., (Rec. Doc. 33).

Doc. 30) The Court granted the motion on May 27, 2015, finding that Louisiana and CPRA were state entities entitled to Eleventh Amendment immunity from Plaintiff's claims. (Rec. Doc. 45)

On May 18, 2015, the Corps filed the instant *Motion to Dismiss*. **(Rec. Doc. 43)** In the motion, the Corps argues that this Court must dismiss Plaintiff's lawsuit for lack of subject-matter jurisdiction and as a result of Plaintiff's failure to state a claim. Plaintiff opposed the motion on May 27, 2015. (Rec. Doc. 46)

## LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

**B. Motion to Dismiss for Failure to State a Claim**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## PARTIES' ARGUMENTS AND DISCUSSION

### A. Subject-Matter Jurisdiction

The Corps argues that the doctrine of sovereign immunity prevents the Court from acquiring subject-matter jurisdiction over Plaintiff's claims against it. The Corps stresses that the United States enjoys sovereign immunity from suits in federal court absent waiver. Contrary to Plaintiff's assertion of jurisdiction, the Corps argues that the Tucker Act, 28 U.S.C. § 1491, does not actually confer jurisdiction here. The Tucker Act provides that the U.S. Court of Federal Claims has jurisdiction over claims against the United States founded upon the Constitution, among other sources of law. 28 U.S.C. § 1491. Additionally, the Corps asserts that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), similarly does not grant the Court subject-

matter jurisdiction in this case. The Little Tucker Act grants U.S. District Courts original jurisdiction, concurrent with the Court of Federal Claims, over civil actions against the United States not exceeding $10,000 in amount that are founded upon the Constitution, among other sources of law. 28 U.S.C. § 1346(a)(2). Here, because Plaintiff failed to specify a dollar amount in damages not exceeding $10,000, the Corps argues that the Little Tucker Act does not confer jurisdiction. Finally, the Corps contends that the Court does not have jurisdiction over Plaintiff's Section 1983 claim against the Corps because the Corps is not a state actor.

Plaintiff counterargues that this Court has federal question jurisdiction over Plaintiff's claims arising under the U.S. Constitution. Plaintiff admits that the Corps' jurisdictional arguments "may have some merit," but argues that the Court has jurisdiction because Plaintiff invokes jurisdiction under the Fifth Amendment of the U.S. Constitution. (Rec. Doc. 46-1, p. 3) Plaintiff asserts that the federal government does not enjoy sovereign immunity from claims originating under the Fifth Amendment. Plaintiff does not specifically address the Corps' jurisdictional Section 1983 argument.

Plaintiff asserts claims in accordance with the Little Tucker Act and Section 1983 against several actors, including

the Corps, for an alleged unconstitutional taking of his land beyond that for which he was compensated in 2014. For the Court to sustain jurisdiction over this claim under the Little Tucker Act, Plaintiff must expressly limit the amount of damages to $10,000. See 28 U.S.C. § 1346(a)(2); McNeil v. Adams Cnty., Miss., No. 5:05CV180-KS-JMR, 2006 WL 2372253, at *1-2 (S.D. Miss. Aug. 15, 2006). Plaintiff did not do so in his complaint, nor has he done so in his response to the Corps' motion. Plaintiff also chose not to seek leave to amend his complaint to limit the demand therein; accordingly, the Court will not allow Plaintiff to amend his complaint to correct this deficiency. See Uresti v. Reyes, 506 F. App'x 328, 329 (5th Cir. 2013). Additionally, because Plaintiff has failed to show any state action with respect to the Corps, this Court lacks jurisdiction to consider his Section 1983 claim against the Corps. See Peng v. Mei Chin Penghu, 335 F.3d 970, 980 (9th Cir. 2003)(affirming district court's dismissal for lack of subject matter jurisdiction where there was no state actor). The Court therefore lacks subject-matter jurisdiction over Plaintiff's claim for damages based upon the Little Tucker Act and his Section 1983 claim against the Corps.

The Court further finds that Plaintiff's Section 1983 takings claim generally is not yet ripe for review, and

consequently, this Court lacks jurisdiction to consider it.[2] "A takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides." Sandy Creek Investors, Ltd. v. City of Jonestown, Tex., 325 F.3d 623, 626 (5th Cir. 2003). Thus, plaintiffs "must use available state procedures to seek [just] compensation before [bringing] a § 1983 takings claim to federal court." Id. "Under Louisiana law, the action for inverse condemnation 'provides a procedural remedy to a property owner seeking compensation for land already taken or damaged.'" Wilhelmus v. Parish of St. Bernard, No. (E.D. La. May 3, 2010)(Africk, J.)(citing Louisiana v. Chambers Inv. Co., Inc., 595 So. 2d 598, 602 (La. 1992)). Here, Plaintiff has not alleged that he sought additional compensation for the alleged taking through an inverse condemnation action or that such an effort would be inadequate or futile. As such, the Court finds that the Section 1983 takings claim is not ripe for review and must be dismissed for lack of jurisdiction. See id.

**B. Failure to State a Claim**

The Corps' motion to dismiss for failure to state a claim is largely mooted by the above conclusions, but it appears to

---

[2] The Corps advances this argument as part of its 12(b)(6) motion, however, the Court addresses it here because it is a jurisdictional issue. See (Rec. Doc. 43-1, pp. 10-12).

the Court that one argument remains. Namely, the Corps argues that Plaintiff fails to state a claim for injunctive relief under the Little Tucker Act because it does not empower a district court to grant such relief. Plaintiff does not offer any specific arguments in opposition. According to the U.S. Supreme Court, "the [Tucker] Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States." Richardson v. Morris, 409 U.S. 464, 465 (1973). The Court therefore concludes that Plaintiff has failed to state a claim for injunctive relief pursuant to the Tucker Act or Little Tucker Act and any such claim must be dismissed. See id. Accordingly,

IT IS HEREBY ORDERED that the Corps' *Motion to Dismiss for Lack of Subject-Matter Jurisdiction* (Rec. Doc. 43) is GRANTED. Plaintiff's Little Tucker Act claim for damages and Section 1983 claim are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Corps' *Motion to Dismiss for Failure to State a Claim* (Rec. Doc. 43) is GRANTED with respect to Plaintiff's Tucker Act claim for injunctive relief, which claim hereby is DISMISSED with prejudice.

New Orleans, Louisiana this 2nd day of June, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE