UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BROOME                                CIVIL ACTION

VERSUS                                NO: 14-2413

UNITED STATES ARMY CORPS              SECTION: "J"(1)
OF ENGINEERS ET AL.

<u>**ORDER & REASONS**</u>

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 56)** filed by Defendants Southeast Louisiana Flood Protection Authority West ("SLFPAW") and West Jefferson Levee District ("WJLD"), a supplemental memorandum in support (Rec. Doc. 69) filed by SLFPAW and WJLD, an opposition thereto (Rec. Doc. 67) filed by Plaintiff, and a *Motion to Dismiss for Lack of Subject Matter Jurisdiction* **(Rec. Doc. 59)** filed by Defendant Jefferson Parish. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

<u>**FACTS AND PROCEDURAL BACKGROUND**</u>

This action derives from servitudes that the government obtained over Plaintiff's land, for which Plaintiff alleges he did not receive adequate compensation. (Rec. Doc. 1) Plaintiff purchased immovable property in Jefferson Parish from the Parish of Jefferson on January 5, 2009, for $9,000. (Rec. Doc. 1, p. 3; Rec. Doc. 56-1, p. 2) In April 2010, the Corps began a project

aimed at strengthening the west bank levees of the Harvey Canal in Jefferson Parish as part of the New Orleans Hurricane and Storm Damage Risk Reduction System. (Rec. Doc. 56-1, p. 2) To complete the project, the Corps determined that it was necessary to acquire servitudes over Plaintiff's lot. The WJLD appropriated the necessary interest in Plaintiff's property. (Rec. Doc. 56-1, pp. 2-3) On January 10, 2014, Plaintiff received a check in the amount of $19,980 for the taking.[1] (Rec. Doc. 56-1, p. 3)

On October 21, 2014, Plaintiff filed suit for an alleged uncompensated and, therefore, unconstitutional taking. (Rec. Doc. 1) Plaintiff named as Defendants the United States Army Corps of Engineers ("Corps"), Jefferson Parish, SLFPAW, Coastal Protection and Restoration Authority of Louisiana ("CPRA"), WJLD, Entergy Gulf States Louisiana, LLC, and the State of Louisiana.[2] (Rec. Doc. 1, pp. 2-3) Plaintiff asserts that this Court has jurisdiction over his claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1491, and 28 U.S.C. § 1367. (Rec. Doc. 1, p. 2) Plaintiff seeks monetary relief in the form of "compensation

---

[1] Plaintiff alleges in his Complaint that he was not compensated for the taking. (Rec. Doc. 1) However, included with SLFPAW and WJLD's motion is a purported acknowledgement of receipt of a check in the amount of $19,980.00, which appears to have been signed by Plaintiff, as well as a copy of the check. (Rec. Doc. 56-3, pp. 1-2) Furthermore, in his opposition, Plaintiff admits that the received a check in the amount of $19,980 from the Defendants and filed the instant suit "[a]fter several demands for additional compensation." (Rec. Doc. 67-1, p. 6)

[2] Some Defendants received service as late as April 2015. (*See, e.g.*, Rec. Doc. 33)

for the appropriation of [his] land" as well as the costs of soil, foundation, and levee restoration. Plaintiff also seeks injunctive relief in the form of an order "enjoin[ing] the defendants from further occupying, construction and taking of [his] property." (Rec. Doc. 1, pp. 6-7)

On April 28, 2015, Defendants Louisiana and CPRA filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Rec. Doc. 30) The Court granted the motion on May 27, 2015, finding that Louisiana and CPRA were state entities entitled to Eleventh Amendment immunity from Plaintiff's claims. (Rec. Doc. 45)

On May 18, 2015, the Corps filed a Motion to Dismiss. (Rec. Doc. 43) The Court granted the motion on June 2, 2015, finding that it lacked subject matter jurisdiction over Plaintiff's claim for damages based upon the Little Tucker Act and his Section 1983 claim against the Corps. In addition, the Court concluded that Plaintiff failed to state a claim against the Corps for injunctive relief. Accordingly, the Court dismissed those claims without prejudice. (Rec. Doc. 50)

The SLFPAW and WJLD filed their *Motion to Dismiss* **(Rec. Doc. 56)** on July 15, 2015, and Jefferson Parish filed its *Motion to Dismiss* **(Rec. Doc. 59)** on July 28, 2015. In the motions, Defendants argue that this Court must dismiss Plaintiff's lawsuit for lack of subject matter jurisdiction. With leave granted from the Court, Plaintiff filed an opposition to the

motion filed by SLFPAW and WJLD on August 5, 2015. (Rec. Doc. 67) Plaintiff has not responded directly to Jefferson Parish's motion.

### LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003); *see also*,13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed. 2008). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## PARTIES' ARGUMENTS AND DISCUSSION

The Defendants argue that this Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (Rec. Doc. 59; Rec. Doc. 69) In addition, Defendants SLFPAW and WJLD argue that Plaintiff's claims against them should be dismissed because they are entitled to Eleventh Amendment immunity. (Rec. Doc. 56) In opposition, Plaintiff argues that Eleventh Amendment immunity does not apply to the Defendants in this case and, additionally, that the Court has

jurisdiction in accordance with 42 U.S.C. § 1983. The Court therefore must first determine whether it has subject matter jurisdiction over Plaintiff's claims and, if so, whether any of the Defendants are entitled to Eleventh Amendment Immunity.

Plaintiff asserts claims in accordance with the Little Tucker Act and Section 1983 against several actors, including the WJLD, SLFPAW, and Jefferson Parish, for an alleged unconstitutional taking of his land beyond that for which he was compensated in 2014. Plaintiff's Complaint alleges three bases of federal jurisdiction: 28 U.S.C. § 1491, 42 U.S.C. § 1983, and 28 U.S.C. § 1367. In short, Defendants argue that none of the bases of jurisdiction cited by Plaintiff provide a valid basis of federal jurisdiction on Plaintiff's claims against them.

The Tucker Act, 28 U.S.C. § 1491, provides that the United States Court of Federal Claims has jurisdiction over claims against the United States founded upon the Constitution, among other sources of law. Additionally, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), grants U.S. District Courts original jurisdiction, concurrent with the Court of Federal Claims, over civil actions against the United States not exceeding $10,000 in amount that are founded upon the Constitution, among other sources of law.

In a previous Order and Reasons dated June 3, 2015, this Court held that it lacked subject matter jurisdiction over

Plaintiff's claim for damages upon the Little Tucker Act against the Corps because Plaintiff failed to expressly limit the amount of damages to $10,000, as required by 28 U.S.C. § 1346(a)(2). (Rec. Doc. 50) Furthermore, all of Plaintiff's claims against the Corps have been dismissed. None of Plaintiff's remaining claims are against the United States. Therefore, neither the Tucker Act nor the Little Tucker Act provide subject matter jurisdiction in this case.

Plaintiff also invokes this Court's jurisdiction, presumably pursuant to 28 U.S.C. § 1331, on account of his Section 1983 takings claim. As discussed in a previous Order and Reasons (Rec. Doc. 50), this Court lacks jurisdiction to consider Plaintiff's Section 1983 takings claim because it is not yet ripe for review. "A takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides." *Sandy Creek Investors, Ltd. v. City of Jonestown, Tex.*, 325 F.3d 623, 626 (5th Cir. 2003). Thus, plaintiffs "must use available state procedures to seek [just] compensation before [bringing] a § 1983 takings claim to federal court." *Id.* "Under Louisiana law, the action for inverse condemnation 'provides a procedural remedy to a property owner seeking compensation for land already taken or damaged.'"

*Wilhelmus v. Parish of St. Bernard*, No. 09-3644, 2010 WL 1817770, at *2 (E.D. La. May 3, 2010) (quoting *State Through Dep't of Transp. & Dev. v. Chambers Inv. Co.*, 595 So. 2d 598, 602 (La. 1992)).

In the instant case, Plaintiff has not alleged that he sought additional compensation for the alleged taking through an inverse condemnation action or that such an effort would be inadequate or futile. Accordingly, Plaintiff's Section 1983 takings claim is not ripe for review and has already been dismissed by this Court for lack of subject matter jurisdiction. (Rec. Doc. 50)

Lastly, Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1367. Under section 1367, district courts with original jurisdiction shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). The Court has already determined that it lacks original jurisdiction over Plaintiff's claim for damages based upon the Tucker Act or Little Tucker Act and his Section 1983 claim; therefore, the Court cannot exercise supplemental jurisdiction.[3] Moreover,

---

[3] To the extent that the Court had original jurisdiction over Plaintiff's claim for injunctive relief based upon the Tucker Act or Little Tucker Act, the Court dismissed such claim pursuant to Rule 12(b)(6). (Rec. Doc. 50) In that case, the Court declines to exercise supplemental jurisdiction over any other claims. *See* 28 U.S.C. § 1367(c)(2).

Plaintiff does not assert any claims other than the ones already dismissed.

Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims, it need not consider whether the Defendants are entitled to Eleventh Amendment immunity.

<u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendants SLFPAW and WJLD's *Motion to Dismiss* **(Rec. Doc. 56)** is **GRANTED**. Plaintiff's Tucker Act or Little Tucker Act claim for damages and Section 1983 claim are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Defendant Jefferson Parish's *Motion to Dismiss* **(Rec. Doc. 59)** is **GRANTED**. Plaintiff's Tucker Act or Little Tucker Act claim for damages and Section 1983 claim are **DISMISSED without prejudice.**

New Orleans, Louisiana this 12th day of August, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE